FILED
SUPERIOR COURT
OF GUAM

2024 JAN -3 PM 5: 22

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| DAVID LUBOFSKY,<br><br>Petitioner,<br><br>vs.<br><br>GUAM BOARD OF ALLIED HEALTH EXAMINERS and GUAM BOARD OF MEDICAL EXAMINERS,<br><br>Respondents. | SPECIAL PROCEEDINGS NO. SP0091-21<br><br><br>**DECISION AND ORDER**<br>*Re: Respondents' Motion to Dismiss* |

This matter came before the Honorable Arthur R. Barcinas for a hearing on September 20, 2023, on Respondents Guam Board of Allied Health Examiners' ("GBAHE") and Guam Board of Medical Examiners' ("GBME") (collectively, "Respondents") Motion to Dismiss Petition for Writ of Mandamus ("Motion"), filed on October 15, 2021. Petitioner David Lubofsky ("Petitioner") was present at the hearing with counsel Attorney Vanessa Williams. Respondents were represented by Assistant Attorney General Graham Botha. In the Motion, Respondents requested that the Court dismiss the Petition, which asked the Court to compel Respondents to adopt rules and regulations allegedly necessary to investigate Respondents' licensees, and to compel GBME to disclose its licensees' physician profiles including their disciplinary history. For the below reasons, the Court **GRANTS** Respondents' Motion to Dismiss.

## BACKGROUND

On June 15, 2021, Petitioner filed a Petition for Writ of Mandamus. In the Petition, Petitioner stated that, on or about October 30, 2018, his son was taken to Guam Memorial Hospital ("GMH") for emergency medical evaluation and treatment, and that two of the Respondents' licensees "acted in an unprofessional, improper, incompetent, and unlawful manner in the monitoring and treatment" of Petitioner's son. Pet., at 2. Twenty hours after admission, Petitioner's son unfortunately passed away, and on September 18, 2020, and September 20, 2020, Petitioner filed reports on the licensees with the GMBE and GBAHE, respectively. In the Petition, Petitioner alleged that neither of the Respondents have adopted rules or regulations related to the investigation of complaints or reports regarding its licensees, and that all of Petitioner's complaints and reports continued to be pending before the Respondents when the Petition was filed. Petitioner further alleged that Petitioner GBME has failed to establish and maintain a searchable website containing separate profile pages on all current and former licensees, active and inactive, as required by 10 GCA § 12212.1. Petitioner then requested that the Court issue peremptory writs of mandate directing Respondents to adopt rules and regulations necessary to carry into effect the provisions of the Allied Health Practice Act and Physicians Practice Act, and directing Respondent GBME to establish and maintain a website compliant with 10 GCA § 12212.1.

On October 15, 2021, Respondents filed their Verified Answer and Motion to Dismiss Petition for Writ of Mandamus ("Motion"). In the Answer, Respondents: (1) denied that they have not adopted rules or regulations related to the investigation of complaints or reports regarding their licensees; (2) denied in part Petitioner's allegation that all complaints and reports continue to be pending, as some of the matters have been closed following an investigation and determination that there were no violations of the Physicians' Practice Act and Allied Health

Practice Act; and (3) stated that, while they have not completed a website compliant with 10 GCA § 12212.1, they have been attempting to procure web design professionals to accomplish it, and the statute does not state when said website should be completed. On November 3, 2021, Petitioner filed his opposition to the Motion. On November 10, 2023, Respondents filed their reply to the opposition.

On February 14, 2023, Respondents filed a Request for Judicial Notice, asking the Court to take notice of Public Law 36-168, enacted on December 28, 2022, and the current GBME website. On September 20, 2023, a hearing was held on the Motion.

## DISCUSSION

Respondents allege that this matter should be dismissed on the grounds that: (1) the Court is without jurisdiction to entertain the Petition because Petitioner has failed to exhaust available remedies at law; (2) Petitioner is not a "beneficially interested party" as required by statute, and therefore lacks standing to seek mandamus relief; (3) Petitioner does not seek the Court to compel Respondents to perform ministerial acts, but to engage in discretionary rulemaking, a legislative function not subject to suit seeking equitable relief; (4) Petitioner misreads several sections of 10 GCA Ch. 12, Art. 8; (5) even if a statute creates a mandatory duty, mandamus will not lie if the agency must exercise discretion in order to perform that duty, and; (6) there is no factual basis to the petition because the relief sought therein already exists. Resps. Mot. Dismiss. While the Court finds Respondents' Motion valid on multiple grounds, the Court finds it unnecessary to expound on the other grounds as the Court finds that it lacks subject matter jurisdiction to preside over this case, and subject matter jurisdiction constitutes a threshold issue.

**1. Petitioner has failed to exhaust available remedies at law as it pertains to his first two causes of action compelling Respondents to adopt rules and regulations.**

Respondents state that, while the Petition states at ¶¶ 27, 36, and 43 that Petitioner "has no plain, speedy, adequate remedy in the ordinary course of law, other than the relief sought in this petition," the Administrative Adjudication Law ("AAL") provides all the remedy at law that Petitioner seeks in attempting to compel Respondents to promulgate rules and regulations. Petitioner cites that "[a]ny interested person may petition an agency requesting the promulgation, amendment or repeal of any rule." 5 GCA § 9307. "Mandamus will not be granted where the petitioner has failed to pursue the administrative remedies available to him. When an administrative remedy has been provided by statute, this remedy must be exhausted before the courts will act." Opp., at 2 (quoting *Limtiaco v. Guam Fire Department*, 2007 Guam 10 ¶ 27). Respondents argue that Petitioner has not alleged that he has petitioned Respondents under 5 GCA § 9307 to promulgate any rule governing the investigation of disciplinary complaints, or that to have done so would have been futile. Respondents further argue that, because Petitioner has failed to avail himself of the remedies available at law, the Court lacks jurisdiction to entertain those parts of the Petition seeking to compel Respondents to promulgate specific rules and regulations.

In his Opposition, Petitioner argues that 5 GCA § 9307 is not a plain, speedy, and adequate remedy because it only gives people the right to petition an agency for the adoption, amendment or repeal of a specific rule, not the wholesale adoption of rules mandated by statute. Petitioner further argues that, under the futility exception, a party need not exhaust administrative remedies if the record reflects that it would be futile to do so. Opp., at 3 (quoting *Barrett-Anderson v. Camacho*, 2015 Guam 20). Petitioner claims that petitioning Respondents to adopt rules and regulations "would be futile as the Boards determined that their arbitrary and inconsistent processes for investigation of complaints are adequate." *Id.* Finally, Petitioner argues that § 9307 is an inadequate and unrealistic remedy because "neither [Respondent] has adopted the rules to

prescribe the necessary forms or procedures to avail of this remedy" pursuant to § 9307. *Id.*, at 4. Petitioner claims that, without such rules, "any request Petitioner could make would languish in petition-purgatory without direction or process to ascertain a timely response or resolution – just like the investigation of non-Board member complaints." *Id.* The Court does not find Petitioner's argument convincing. A writ of mandamus may not be issued when there is a plain, speedy, and adequate remedy in the ordinary course of law. *Carlson v. Perez*, 2007 Guam 6 ¶ 68. The Guam Supreme Court has maintained a judicial policy of encouraging litigants to exhaust their administrative and legal remedies before seeking a writ, and has held that mandamus should be used only in extreme situations *Id.*; *Ehlert v. University of Guam*, 2019 Guam 27 ¶ 15. In accordance with that policy, the Supreme Court has held that failure to exhaust administration and legal remedies is fatal to mandamus actions. *Carlson.* 2007 Guam 6 ¶ 70.

Petitioner has not denied his failure to avail himself of his right to petition under § 9307, but only argues that it would be futile to do so. However, the futility exception is not invoked merely by stating that a petition would be futile; the record must reflect that the petition would be futile. *See., e.g., Barrett-Anderson,* 2015 Guam 20. Petitioner claims that, based on declarations by representatives of the GBAHE and GBME, petitioning would be futile because "the Boards determined that their arbitrary and inconsistent processes for investigation of complaints are adequate," and that the lack of rules for the procedure of evaluating petitions means that "any request Petitioner could make would languish in petition-purgatory without direction or process to ascertain a timely response or resolution – just like the investigation of non-Board member complaints." Opp., at 3-4 (citing Decl. of Berg (Oct. 29, 2021); Decl. of Balajadia (Oct. 29, 2021).

Upon review of the record, the Court does not find that the futility exception applies. To the contrary, the record indicates that Respondents have been responsive to Petitioner's correspondence, that Respondents have drafted and are continuing to draft rules that will address

Petitioner's concerns, and that Respondents have informally adopted processes to investigate disciplinary complaints in the interim. While the Declarations do state that "[t]here is no need for more detailed rules and regulations [for investigating and prosecuting disciplinary complaint and related matters] because all of the above is already provided for in the Administrative Adjudication Law and the Physicians Practice Act," as Respondents note, those declarations post-date the Petition, and "[t]he fact that [Respondents] have argued in response to his petition that more specific rules are, as a matter of law, not necessary in view of the processes that are available … does not mean that it would have been futile for [Petitioner] to petition [Respondents] to adopt whatever rules he thinks are still lacking while [Respondents] are in the process of promulgating rules." Decl. of Berg, at 3-4; Decl. of Balajadia, at 3-4; Reply, at 5-6. Petitioner having cited only to the Declarations to substantiate his claim of futility, the Court finds that the futility exception does not apply and that, Petitioner not having exhausted all administrative remedies before seeking this writ, the Court is without subject matter jurisdiction as a result of Petitioner's failure to avail himself of the appropriate administrative procedures.

**2. The Court cannot compel Respondent to comply with 10 GCA § 12212.1 because the activity prescribed by that statute is discretionary.**

In the petition, Petitioner alleges that GBME has a clear, present, and ministerial duty to establish and maintain a searchable website containing the profiles of its licensees and their disciplinary history, pursuant to 10 GCA § 12212.1. Petitioner further alleges that, under P.L. 34-79 § 5, the website was to be established within 120 days following the enactment of 10 GCA § 12212.1. Pet., at 5. The Court disagrees.

The statute provides that "[GBME] shall establish and maintain a searchable website that shall contain a separate profile page for all current and former licensees, whether active or inactive." 10 GCA § 12212.1(a). However, the Court finds, that even if mandatory language, e.g.

"shall," appears in the statute creating a duty, the duty is discretionary if the agency must exercise significant discretion to perform the duty. *Mooney v. Garcia*, 143 Cal.Rptr.3f 195, 198 (Cal. App. 2012).

The Court agrees with Respondents that the fact that the effective date of the physician profile website publishing requirements of P.L. 34-79 was 120 days after it was signed into law does not make it subject to a writ of mandamus. A statutory time period providing a directive to an agency is not ordinarily mandatory unless it both expressly requires the agency to act within a particular time period and specifies a consequence for failure to comply with the provision. *Ezell v. U.S.*, 778 F.3d 762, 765 (9th Cir. 2015). If a provision of a statute states a time for performance of an official duty, without any language denying performance after a specified time, it is directory. *Id.* Because neither the statute nor P.L. 34-79 indicates any consequence for failure to comply with the 120-day deadline, said deadline is directory, not mandatory, and is subject to Respondent GBME's discretion. As such, it cannot be compelled by a writ of mandamus, and is therefore outside the subject matter jurisdiction of the Court. Consequently, the Court must **GRANT** the Motion to Dismiss on the third cause of action, as well.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Respondents' Motion to Dismiss for lack of subject matter jurisdiction.

**IT IS SO ORDERED** JAN 0 3 2024 _____ .

**SERVICE VIA EMAIL**

I acknowledge that an electronic copy of the original was e-mailed to:

AG (Litigation),
V. Williams
Date: 3/24 Time: 5:32pm

Antonio G. Cruz
Deputy Clerk, Superior Court of Guam

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam